While I agree with the outcome reached by the majority, I write separately to concur in this case in order to soften the harshness (unintended I am certain) of this opinion made all the more so by the use of the name of the trial judge.
Fourth Amendment search and seizure is fraught with uncertainties and difficult distinctions. See United States v.Bosby (C.A.11, 1982), 675 F.2d 1174, 1180. Factual nuances which sound tenuous when uttered may eventually become dispositive after a matter has been analyzed over an extended period of time. Trial courts, which must diligently deal with all aspects of a case, engage in these subtle analytical distinctions unaided by the benefits of well researched briefs, memoranda, and a verbatim transcript. Trial courts do not have the luxuries of both hindsight and time for reflection before rendering their decisions, literally in the "heat of battle." I believe the use of the name of the trial judge in these circumstances adds nothing to our decision and, if anything, detracts from it.